# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| RONNIE EUGENE WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV419-121 |
| | ) | |
| JAMES DEAL, Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

Ronnie Williams, currently incarcerated at Georgia State Prison in Reidsville, Georgia, petitions under 28 U.S.C. § 2254 for immediate release, contending that he has fully served his sentence. Doc. 1. This claim, challenging the calculation rather than the validity of his sentence, actually arises under 28 U.S.C. § 2241.[1] And Williams knows

---

[1] "Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Retic v. United States*, 215 Fed. App'x 962, 964 (11th Cir. 2007) (quoting *Castro v. United States*, 540 U.S. 375, 381, 124 S. Ct. 786, 791, 157 L. Ed. 2d 778 (2003)). This Court may "recharacterize a pro se litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis." *Rameses v. U.S. Dist. Court*, 523 F. App'x 691, 694 (11th Cir. 2013).

Normally, such reconstrual requires a *Castro* warning that petitioner chooses to proceed with his motion, he will lose his ability to file any successive petition on this same matter without first seeking permission to do so from the Eleventh Circuit. But such warning is unnecessary, given Williams' intimate familiarity with the nature —

that, because he has been here before.

This is (at least) Williams' *fourth* attempt at seeking habeas relief under § 2241 under these exact grounds. *See, e.g., Williams v. Bryson*, No. CV416-232 (S.D. Ga. Nov. 17, 2016), doc. 6 (recommending dismissal as unauthorized successive § 2241 motion), docs. 9 & 10 (adopting R&R and entering judgment against him); *Williams v. Toole*, No. 414CV088 (S.D. Ga. July 20, 2015), doc. 16 (recommending dismissal on the merits), docs. 19 & 20 (adopting R&R and entering judgment against him); *Williams v. Byson*, No. 615CV111 (S.D. Ga. Oct. 15, 2015), doc. 12 (recommending dismissal as successive), docs. 16 & 17 (adopting R&R and entering judgment against him).[2]

Just as in those prior petitions, Williams claims that he remains in prison despite serving his entire state sentence for burglary. He claims

---

and successiveness — of his petition. *See infra*.

[2] Petitioner has wasted this Court's resources over and over through the years with unmeritorious (and unauthorized) successive attempts at habeas relief from his state court conviction and sentence. *See, nonexhaustively, Williams v. Owens*, No. 412CV019 (S.D. Ga. Mar. 28, 2012) (R&R recommending dismissal of his *fifth* § 2254 attempt). *See also Williams v. State Board of Pardon and Paroles*, No. 408CV105 (S.D. Ga. Nov. 19, 2008); *Williams v. Barrow*, No. 4:05CV167 (S.D. Ga. Oct. 24, 2005); *Williams v. Johnson*, No. 403CV069 (S.D. Ga. Oct. 16, 2003); *Williams v. Johnson*, No. 402CV044 (S.D. Ga. Mar. 14, 2002); *Williams v. Smith*, No. 4:95-cv-176 (S.D. Ga. Aug. 4, 1995). And that is just in the Southern District of Georgia.

that his sentence had been improperly calculated and that his continued imprisonment violates the Fourteenth Amendment. That argument has already been rejected on the merits. *See* 414CV111, doc. 16 at 7 (explaining that, even construing Williams' cited case law most favorably to him, his sentence "should not end until 2026" and concluding that ample evidence supported the state habeas court's determination that Williams' 1994 sentence was correctly calculated). When he brought the exact same claims a second time, his petition was dismissed as an unauthorized successive petition. 616CV111, doc. 12. Yet, he returns with identical claims and still no authorization from the Eleventh Circuit.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A) [3] (before filing a second or

---

[3] Because Williams is "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254, his petition is subject to the procedural restrictions of § 2254, even though he has applied for habeas relief under § 2241. *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition"); Rule 1(b) of the Rules Governing Section 2254 Cases (the Court "may apply any or all of [the § 2254 Rules]," including Rule 4, which provides for pre-answer preliminary court review, "to a habeas

3

successive petition, the petitioner *must* seek an order authorizing the district court to consider the application from the Court of Appeals). District courts "lack[ ] jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012).

Because (1) this is Williams' fourth § 2241 petition (and at least his *ninth* attempt to attack his conviction in this court alone), and (2) he never sought permission from the court of appeals before filing, "this Court is not at liberty to consider it." *Id.* Even assuming his petition was authorized procedurally, it is meritless substantively. Again, Williams raises the same arguments that were already rejected when dismissing his prior petitions. The Court need not restate that analysis at length in dismissing the instant petition; it need only adopt that analysis in this

---

corpus petition [filed under § 2241].").

case. *See* 615CV111, doc. 12; 414CV088, doc. 16. Williams is not entitled to relief in this Court and his petition should be **DISMISSED**. Indeed, *every* petition he files so challenging his sentence — *until he receives permission from the Eleventh Circuit to bring a successive petition* — will be dismissed because *this Court cannot entertain it*.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing § 2254 Cases ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

Finally, and despite the Court's clear warning in its prior order, petitioner has sought to proceed *in forma pauperis* rather than pay his full filing fee, yet again. *Williams*, CV416-232, doc. 6 at 5-6 (recommending imposing filing fee restriction to curb Williams'

"vexatious" filings); doc. 9 (adopting).  That motion (doc. 2), clearly, should be **DENIED**.  Williams was also warned that "future vexatious filings, in addition to not being granted IFP status, could fetch monetary sanctions."  *Id.* (citing *Miller v. Williams*, 2011 WL 1898921 at * 2 (S.D. Ga. May 17, 2011) (imposing $ 500 sanction against abusive habeas filer), *adopted* 2011 WL 2181628 (S.D. Ga. Jun. 2, 2011)).  The Court will not warn Williams again.  Any future filing challenging the duration of his confinement that is not accompanied by authorization from the Eleventh Circuit *will* be recommended both for dismissal *and* for the imposition of $200 in monetary sanctions, levied against Williams' prisoner trust fund account.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __31st__ day of May, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA